IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **MARK DAVIS HOWARD** | § | |
| | § | |
| | § | |
| **V.** | § | A-11-CA-189 AWA |
| | § | |
| **MICHAEL J. ASTRUE,** | § | |
| **COMMISSIONER OF THE SOCIAL** | § | |
| **SECURITY ADMINISTRATION** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE SAM SPARKS
UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. BACKGROUND AND ANALYSIS**

On March 11, 2011, Plaintiff Mark Davis Howard ("Plaintiff") filed the above-styled suit challenging the Social Security Administration decision that Plaintiff was not disabled within the meaning of the Social Security Act. On September 22, 2011, Defendant Michael Astrue, Commissioner of the Social Security Commission ("Defendant"), filed the instant Unopposed Motion to Reverse and Remand (Clerk's Docket No. 16) the case to the Commissioner. Defendant moves the Court to remand this case to the Commissioner of the Social Security Administration for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

In reviewing final agency decisions concerning Social Security benefits, a district court may remand a case to the Commissioner only under sentence four or sentence six of 42 U.S.C. § 405(g). *Shalala v. Schaefer*, 509 U.S. 292, 296 (1993). Sentence four of § 405(g) provides that the district

court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). A remand under sentence six is appropriate if (1) the Commissioner requests a remand prior to answering the complaint, or (2) new, material evidence is adduced that was for good cause not presented in the prior proceeding. *Shalala*, 509 U.S. at 297, n. 2. Since the Commissioner has filed an Answer and no new evidence has been presented, sentence six is not applicable to the instant action.

Defendant submits that the administrative decision in this case found no severe mental impairment and included no mental limitations in Plaintiff's residual functional capacity despite the fact that the complete administrative record indicated the presence of mental impairments. Defendant requests the Court to remand this case to the Commissioner pursuant to sentence four of § 405(g) in order for the Administrative Law Judge ("ALJ") to re-assess Plaintiff's mental functioning, including any updated treatment evidence, and consider Plaintiff's residual functional capacity under the updated record.

The Court finds that a sentence four remand under § 405(g) is appropriate in this case in order to ensure that the Commissioner properly considers Plaintiff's claim of disability. *See Buckner v. Apfel*, 213 F.3d 1006, 1010 (8th Cir. 2000) (finding that district court's remand should have been pursuant to sentence four, where purpose of the remand was to prompt additional fact finding and further evaluation of the existing facts); *Morris v. Apfel*, 14 F. Supp.2d 1134, 1135 (D. Neb. 1998) (sentence four remand appropriate where government conceded that remand was necessary to ensure proper consideration of plaintiff's claim, and where Appeals Council failed to address certain medical evidence).

Accordingly, the Court RECOMMENDS that the District Judge GRANT Defendant's Unopposed Motion to Reverse and Remand this case to the Social Security Commissioner for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

A district court remanding a case pursuant to sentence four of § 405(g) must enter judgment in the case, and may not retain jurisdiction over the administrative proceedings on remand. *Shalala*, 509 U.S. at 297; *Istre v. Apfel*, 208 F.3d 517, 520-521 (5th Cir. 2000) (a sentence four remand must include a substantive ruling affirming, modifying or reversing the Secretary's decision). Therefore, the Court FURTHER RECOMMENDS that the District Judge reverse the Commissioner's decision and enter judgment in this case on behalf of the Plaintiff.

## II. RECOMMENDATION

The Court RECOMMENDS that the District Judge GRANT Defendant's Unopposed Motion to Reverse and Remand (Clerk's Docket No. 16) and REMAND this case to the Social Security Commissioner for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). The Court FURTHER RECOMMENDS that the District Judge ENTER JUDGMENT in this case on behalf of the Plaintiff.

## III. WARNING

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and

recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-30 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 27th day of September, 2011.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE